Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that by the literal terms of the agreement of the 25th January 1844, as carried into execution by the transfer of the 27th February 1844, it was the intention of the appellant to assign and transfer to the appellee Palmer all his interest secured by the deed of trust in the agreement referred to, embracing the amount paid by the appellant towards the discharge of the bond for which he was the security for the said Fourquorean for 1460 dollars ; yet said agreement and transfer were executed under such circumstances as in a Court of equity to require it to be treated as a security for the benefit of the appellee for the payment of the whole amount due to him on his bond, and nothing more. It appears from the statement A A, referred to and made part of the decree in the case of Steen’s administrator against said Fourquo *77 rean and others, that the fund collected under said deed of trust and under the control of the receiver, would have been sufficient on the 25th January 1844, the date of the agreement aforesaid, to have discharged all the debts entitled to priority of satisfaction over said bond, and the balance left unpaid of said bond after crediting the same with the amount secured by said agreement, even if the validity of the prior deed of trust had been sustained. Of this fact it does not appear that either party was apprised: It certainly does not appear that the appellant who resided at a distance from the scene of the transactions knew any thing of the state of the fund, when to obtain a discharge he paid a large proportion of the bond, and agreed to transfer his interest in the deed, under which an amount was secured sufficient under any aspect of the controversy, to discharge the balance due to the appellee on the bond, nor is there any proof of knowledge of the true state of the facts on the part of the appellee: If known to him and concealed from the appellant it would have been a fraud; but in the absence of any proof of such knowledge, and from the fact that the appellant was required to transfer the notes or bonds in the agreement set out with recourse, it is the fair presumption that both parties were ignorant of the real state of facts, and the contract was entered into under a mutual mistake ; and it would be unjust, oppressive and inequitable to enforce it against the appellant according to the literal terms thereof; and full justice is done to the appellee by holding it as a security for his benefit, for the payment of the whole amount of his demand with interest.
The Court is further of opinion, that the order of the 25th of November 1846 was obtained under circumstances which entitle it to no weight in deciding upon the rights of the parties. The Court is therefore of opinion that the decree of the Circuit court is erro *78 neous, and it is adjudged, ordered and decreed, that the same be reversed and annulled, and that the appellee pay to the appellant his costs by him expended in the proseclltjon 0f ]ais appeal here. And the cause is remanded to the Circuit court with instructions to refer the same to a commissioner to ascertain the balance of principal and interest due to the appellee on the bond for 1460 dollars, after crediting the same with 60 dollars, the credit endorsed thereon, with 500 dollars, the amount of the bond given by the appellant and W. B. Jennings, his security, as of the 25th of January 1844, and with the sum of 977 dollars 54 cents on the 12th of November 1846, the sum decreed to be paid to the appellant for the use of the appellee by the decree of the 20th of November 1846 in the case of Steen’s adm’r v. Fourqourean & others ; for the balance due upon the bond after deducting said credits, together with the costs in the Chancery court the appellee will be entitled to satisfaction out of the sum of 2174 dollars 68 cents with the accruing interest thereon, mentioned in the decree appealed from, and the appellant will be entitled to the residue of said last mentioned sum with the accruing interest thereon.